Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Michael Horbovetz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL HORBOVETZ,

Plaintiff,

v.

ESPN, INC.,

Defendant.

Case No. 2:24-cv-2706

**COMPLAINT FOR:**

**1. COPYRIGHT INFRINGEMENT**

**2. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

**Demand for Jury Trial**

Plaintiff Michael Horbovetz ("Horbovetz"), for his Complaint against ESPN, Inc. ("ESPN"), states and alleges as follows:

**Introduction**

1. Horbovetz is a professional photographer based in Plano, Texas. He focuses on sports photography and attends many high school sporting events each year, taking thousands of photographs.

2. Horbovetz derives his income by licensing photographs independently and through licensing websites like MaxPreps.com.

3. Among Horbovetz' photographs of athletes is the one that is at issue in this case: a photograph Quinn Ewers, now the starting quarterback for the University of Texas, preparing to throw a pass during a game when he was in high school playing for the Southlake Carroll Dragons (the "Ewers Photo").

4. Horbovetz has obtained a U.S. copyright registration covering the Ewers Photo. He had made this photograph available for licensing through MaxPreps.com, where the photograph was displayed with an embedded watermark and accompanying caption identifying Horbovetz as the photographer.

5. Defendant ESPN operates the eponymous sports television channel and various other sports-related networks, social media accounts, and media.

6. Without permission or authorization from Horbovetz—and with knowledge that Horbovetz did not agree to ESPN's use without paying a proper license fee—ESPN copied, modified, and displayed the copyrighted Ewers Photo on ESPN's television broadcast of the Allstate Sugar Bowl on January 1, 2024.

7. ESPN's initial broadcast of the Sugar Bowl was seen by 18.7 million viewers.

8. ESPN then displayed the Ewers Photo on multiple replays of the Sugar Bowl, including replays aired on January 3 and 4, 2024.

9. ESPN also aired the Sugar Bowl through online streaming services, including at least the Hulu and Fubo apps. Overall, ESPN's unauthorized displays of the Ewers Photo reached many millions of television and online viewers.

10. The version of the Ewers Photo that was displayed by ESPN did not include the embedded watermark or the caption identifying Horbovetz as the photographer.

11. On information and belief, ESPN circumvented or removed the identifying information on the Ewers Photo and obtained a "clean" version of the photograph. Then ESPN intentionally broadcast the photograph to millions of viewers with knowledge that Horbovetz had not authorized removal of the

photograph's copyright management information for such commercial use.

12. ESPN has engaged in this misconduct in violation of U.S. copyright laws, and its actions have substantially harmed Horbovetz.

## Nature of the Action

13. This is an action at law and in equity for copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq*. and for knowingly distributing copyrighted content from which the copyright management information has been removed without authority of the copyright owner under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b)(3).

14. This action arises by reason of ESPN's willful and unauthorized public display, modification, reproduction, and distribution of copies of Horbovetz' photograph. Horbovetz seeks an injunction prohibiting further copying of his work, recovery of total profits and costs, and additional relief as set forth below.

## The Parties

15. Plaintiff Michael Horbovetz is an individual residing in Plano, Texas. Horbovetz is the owner of a United States copyright registration in the photograph copied by ESPN.

16. Horbovetz is the owner of all exclusive rights under copyright in his photograph in the United States.

17. Defendant ESPN, Inc. is a limited liability company duly organized and existing under the laws of Delaware, with its principal place of business in Bristol Connecticut.

18. ESPN is majority-owned and operated by The Walt Disney Company, which has its principal place of business in Burbank, California.

19. ESPN also has offices in this District, including but not limited to its West Coast headquarters located in Los Angeles, California.

## Jurisdiction and Venue

20. This is a civil action alleging copyright infringement under the Copyright

Act, 17 U.S.C. § 501. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

21. This Court has personal jurisdiction over ESPN. ESPN is majority-owned and operated by The Walt Disney Company, which is based in this District. ESPN has its West Coast headquarters located in this District. ESPN also has substantial business operations in California and is subject to personal jurisdiction in this state.

22. Further, ESPN engaged in infringing conduct within California and purposefully directed its activities through websites and social media pages at California, where a substantial number of ESPN's viewers and followers are located and where ESPN sells subscriptions and merchandise. In addition, ESPN produces and hosts recorded and live shows and events in this District.

23. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District, and ESPN is subject to personal jurisdiction in this District.

## **Facts Underlying the Causes of Action**

### ***Horbovetz Shoots Distinctive Athlete Photographs***

24. Horbovetz has been a professional photographer for many years. His work has been used in various publications. Horbovetz has focused for over seven years on capturing interesting and memorable moments in high school athletics. This case involves Horbovetz' Ewers Photo, shown below.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /




**Ewers Photo**

25. Horbovetz took the Ewers Photo in 2020 at a high school football game in Southlake, Texas, where Ewers played quarterback for the Southlake Carroll Dragons. Horbovetz took hundreds of photographs of the game. In October 2020, Horbovetz selected and uploaded certain photos of that game to MaxPreps.com, where interested parties could purchase a license to use a photo for personal use only. One image Horbovetz uploaded to MaxPreps.com was the Ewers Photo. In the following years, Ewers went on to become a star college quarterback with the University of Texas.

26. MaxPreps.com used the Ewers Photo, with permission from Horbovetz, in an article about Ewers leaving high school early to enroll at Ohio State, which was posted to the website in August 2021.

***Horbovetz' Copyright Registration***

27. Horbovetz was awarded U.S. Copyright Registration No. VA-2-387-759 for the Ewers Photo.

28. Horbovetz is the sole and exclusive owner of all right, title, and interest

in and to this registered copyright. Horbovetz' photograph is an original work of authorship, embodying copyrightable subject matter, and is subject to the full protection of the U.S. copyright laws.

***ESPN's Intentional Copying of the Ewers Photo***

29. On January 1, 2024, Quinn Ewers started at quarterback for the University of Texas in the Allstate Sugar Bowl—a college football semifinal playoff game.

30. Several days before the Sugar Bowl, on December 28, 2023, an ESPN employee emailed MaxPreps.com and asked for permission to show the Ewers Photo "on our platform" in an "edit highlighting Quinn's high school career."

31. The MaxPreps.com contact responded the same day by copying Horbovetz and noting that Horbovetz "owns the rights to this photo, MaxPreps just has the permission to display it."

32. Horbovetz responded on December 29, 2023, asking for more information as to how ESPN intended to use the Ewers Photo before he would grant permission for such use. He also stated in his response, "[i]f it's used on ESPN TV then we would need to negotiate a price for the picture."

33. On January 1, 2024, another ESPN employee with the job title of Content Associate responded to Horbovetz that "[o]ur production plan has gone another route so this request is no longer needed."

34. However, during the television broadcast of the Allstate Sugar Bowl on January 1, 2024, ESPN did indeed copy and display the Ewers Photo to the viewing audience.

35. A true and correct screenshot of the unauthorized display on ESPN TV is shown below.

/ / /

/ / /

/ / /

36. ESPN displayed the Ewers Photo in its television broadcast, which was seen by approximately 18.7 million viewers.

37. ESPN did not have authorization from Horbovetz to display or copy the Ewers Photo on ESPN's television broadcast.

38. Horbovetz, having seen the display of his photo on live television, promptly contacted ESPN on the evening of January 1, 2024, stating that ESPN did not have his permission to use the Ewers Photo.

39. The same ESPN Content Associate who had earlier emailed Horbovetz saying his permission was no longer needed responded that "[m]y graphics producer sent the photo indicating it was cleared for use . . . ."

40. On January 2, 2024, the same ESPN Content Associate further responded to Horbovetz as follows:

> I spoke with our graphics producer again last night and earlier today about this photo. He attempted to retrace where he grabbed the photo from but ultimately could not locate exactly where he pulled it from. He mentioned that it was grabbed earlier in the football season but confirmed to me that it did not air in any game he or myself have worked on outside of last night's. When he passed it along to me last week I was under the assumption that since he had it that we were

clear to use it.

41. The ESPN employee apologized and asked if there was a license fee that ESPN could pay to compensate Horbovetz for the unauthorized display of the Ewers Photo in the Sugar Bowl.

42. Then, despite ESPN having clear knowledge it had wrongfully used the Ewers Photo in the first instance, ESPN displayed the Ewers Photo at least two more times during replays of the Sugar Bowl aired on January 3 and 4, 2024.

43. When Horbovetz responded to ESPN with a proposed license fee to compensate for ESPN's unauthorized use of the Ewers Photo, ESPN balked and then stopped responding to Horbovetz' communications.

44. Despite ESPN knowing it did not have Horbovetz' authorization to use the Ewers Photo, ESPN broadcast copies of that photograph without authorization to a nationwide audience in violation of Horbovetz' rights.

45. As a result of ESPN's infringement, nearly 19 million television viewers viewed an unauthorized copy of Horbovetz' copyrighted Ewers Photo. Millions more saw the unauthorized copy in replays of the Sugar Bowl and by watching the broadcast on other online platforms like Hulu and Fubo.

46. This copying has cost Horbovetz an enormous amount of lost licensing fees, and he has not received any compensation for ESPN's commercial use, copying, and display of the Ewers Photo.

**Count 1**

**<u>Infringement of Registered Copyright in the Ewers Photo</u>**

47. Horbovetz incorporates each paragraph above into this claim.

48. This claim is against ESPN for infringement of Horbovetz' registered copyright in the Ewers Photo in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

49. Horbovetz is the owner of a valid and registered copyright in the Ewers Photo, Copyright Reg. No. VA-2-387-759.

50. Horbovetz' copyrighted Ewers Photo contain a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act.

51. ESPN had access to the Ewers Photo through the website MaxPreps.com.

52. Horbovetz did not authorize ESPN to reproduce his copyrighted work or to display a reproduction of that work in the manner in which ESPN reproduced and displayed the Ewers Photo.

53. ESPN infringed Horbovetz' registered copyright by reproducing, distributing, and publicly displaying copies of the Ewers Photo without authorization, in violation of Horbovetz' exclusive rights under the Copyright Act, 17 U.S.C. § 106.

54. ESPN's distribution and public display of the Ewers Photo during the Allstate Sugar Bowl and any replays of the same constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

55. ESPN knew it did not have a proper commercial license to display the Ewers Photo in its broadcast and did so anyway, acting willfully, in disregard of, and with indifference to Horbovetz' rights.

56. On information and belief, millions of people viewed the unlawful copy of the Ewers Photo on ESPN's broadcast.

57. ESPN's copyright infringement has damaged Horbovetz in an amount to be proven at trial.

58. Horbovetz is entitled to full costs pursuant to 17 U.S.C. § 505.

59. Horbovetz is further entitled to a temporary and permanent injunction under 17 U.S.C. § 502 preventing ESPN from further violations.

**Count 2**

**Integrity of Copyright Management Information**

60. Horbovetz incorporates each paragraph above into this claim.

61. As it was displayed on the MaxPreps.com website, the Ewers Photo

contained a watermark bearing a copyright symbol and Horbovetz' name that constitutes copyright management information under 17 U.S.C. § 1202(c).

62. Further, the photograph was accompanied by a caption listing Horbovetz as the photographer and stating the date of upload. This caption also constitutes copyright management information under 17 U.S.C. § 1202(c).

63. On information and belief, ESPN removed this watermark and identifying information before displaying the Ewers Photo on its Sugar Bowl broadcast. ESPN then commercially broadcast and distributed the photograph with knowledge the copyright management information had been removed without authority of Ewers or the law.

64. ESPN's conduct violates 17 U.S.C. § 1202(b)(3).

65. ESPN distributed Horbovetz' copyrighted work with knowledge that Horbovetz had not authorized removal of the copyright management information for ESPN's commercial display and broadcast.

66. ESPN knew or should have known that its commercial distribution of Horbovetz' work to millions of viewers with improperly removed copyright management information would induce, enable, facilitate, or conceal ESPN's infringement of Horbovetz' copyright.

67. As a result of ESPN's wrongful conduct, Horbovetz is entitled to recover the damages he sustained and will sustain, and any gains, profits, and advantages obtained by ESPN because of its violations of 17 U.S.C. § 1202.

68. Alternatively, Horbovetz may elect to recover from ESPN statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

69. In addition, Horbovetz is entitled to an award of his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b).

/ / /

/ / /

**Prayer for Relief**

WHEREFORE, Horbovetz prays that this Court enter judgment in his favor on each and every claim for relief set forth above and award Horbovetz relief including but not limited to an Order:

a) Awarding Horbovetz monetary relief, including damages sustained by Horbovetz in an amount not yet determined, consisting of actual damages, including but not limited to a reasonable licensing fee, and ESPN's profits attributable to copyright infringement under 17 U.S.C. § 504.

b) Granting a temporary and permanent injunction preventing ESPN and anyone working in concert with them from copying, displaying, distributing, selling, or offering to sell the infringing photograph pursuant to 17 U.S.C. § 502.

c) Awarding Horbovetz his costs in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

d) Awarding Horbovetz actual damages and ESPN's profits, or statutory damages, as appropriate, under 17 U.S.C. § 1203.

e) Awarding Horbovetz all of his costs and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 1203.

f) Awarding such other and further relief as this Court may deem just and appropriate under the circumstances.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Horbovetz demands a trial by jury on all issues so triable.

DATED: April 3, 2024

THE MCARTHUR LAW FIRM, PC

By: */s/ Stephen C. McArthur*
STEPHEN C. MCARTHUR

Stephen McArthur

stephen@smcarthurlaw.com
Thomas Dietrich
tom@smcarthurlaw.com
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Michael Horbovetz*